USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/21/2015_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -against- | 12-Cr-0712 (SHS) |
| RICHARD PALMER, | 14-Cv-9307 (SHS) |
| Defendant. | OPINION & ORDER |

---

SIDNEY H. STEIN, U.S. District Judge.

Richard Palmer brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Because Palmer has waived his right to collaterally attack his sentence and because his claims fail on the merits, Palmer's motion is denied.

I. **BACKGROUND**

Palmer was charged in an indictment with one count of conspiring to distribute and possess with intent to distribute (1) five kilograms and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); (2) 280 grams and more of crack, also in violation of 21 U.S.C. § 841(b)(1)(A); and (3) a quantity of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D). (Indictment, Dkt. No. 93, ¶¶ 1-3.) Palmer was also charged with one count of possessing and using a firearm in connection with the charged narcotics conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id.* ¶ 4.)

On October 17, 2013, pursuant to a written plea agreement, Palmer pleaded guilty before Magistrate Judge Sarah Netburn to a lesser-included offense of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). (Plea Tr., Dkt. No. 241, at 16; Plea Agreement, Ex. A to Gov't's Opp'n, Dkt. No. 546, at 1.) This Court accepted the plea on December 6, 2013. (Dkt. No. 243.) The plea agreement included a waiver of Palmer's right to appeal or collaterally attack his sentence pursuant to 28 U.S.C. § 2255 if his sentence fell within or

below 135 to 168 months' imprisonment, the Guidelines range that the parties stipulated was applicable. (Plea Agreement 4-5.)

At Palmer's sentencing on February 26, 2014, this Court found that his total offense level was 31, his criminal history category was IV, and the applicable Sentencing Guidelines range was 151 to 188 months' imprisonment. (Sentencing Tr., Dkt. No. 453, at 20.) Palmer's attorney urged the Court to impose the statutory mandatory minimum sentence of 60 months' imprisonment. (*Id.* at 10; Sentencing Submission of Richard Palmer, Dkt. No. 314, at 1, 9.) This Court rejected that argument, reasoning that Palmer's conduct warranted a sentence "substantially above minimum, given the volume of drugs he was involved with, .40 caliber weapon, body armor, packaging, ten cell phones, [and] ordering large quantities of drugs for resale." (Sentencing Tr. 5; *see also id.* at 19.) Nonetheless, "in large part due to [Palmer's] very difficult upbringing," the Court sentenced him to 120 months' imprisonment, which was below the Guidelines range to which the parties had stipulated. (*Id.* at 19-20.)

Palmer did not appeal his sentence, and his time to file an appeal has expired. On November 19, 2014, Palmer filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Mot. to Vacate, Dkt. No. 540.)

## II. DISCUSSION

Palmer asks the Court to vacate his sentence on the grounds that his counsel was ineffective for failing to object to this Court's determination of his criminal history category, offense level, and applicable Sentencing Guidelines range. As a threshold matter, Palmer argues that his waiver of his right to collaterally attack his sentence of 120 months' imprisonment is unenforceable because he did not enter into his plea and waiver knowingly and voluntarily due to ineffective assistance of counsel.

Because Palmer is appearing *pro se*, the Court construes his motion liberally and interprets it to raise the strongest arguments that it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McPherson v. Coombe*, 174 F.3d

276, 280 (2d Cir. 1999). The Court is also mindful that Palmer is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the movant] to relief." *See Gonzalez*, 722 F.3d at 131. A hearing is not necessary, however, where the petitioner's claims are "vague, conclusory, or palpably incredible." *Pham v. United States*, 317 F.3d 178, 185 (2d Cir. 2003) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

### A. Palmer's Enforceable Collateral Attack Waiver Bars His Claims

In order to mount a challenge to his sentence, Palmer must first overcome the procedural barrier presented by the fact that in his signed plea agreement, Palmer waived his right to collaterally attack any sentence within or below 135 to 168 months' imprisonment. Under a liberal reading of Palmer's motion, he challenges the validity of his plea and waiver on the grounds that his counsel was ineffective in (1) explaining the plea agreement, (2) counseling him on the sentence he would likely receive, and (3) advising him to accept a plea bargain from which he derived no benefit.

#### 1. Legal Standard

A defendant's collateral attack waiver as part of a plea agreement with the government is presumptively enforceable. *See Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam). A waiver is unenforceable, however, where the record reveals that the waiver or the plea was not knowing and voluntary. *United States v. Ready*, 82 F.3d 551, 556-57 (2d Cir. 1996); *Garafola v. United States*, 909 F. Supp. 2d 313, 323–24 (S.D.N.Y. 2012). A defendant knowingly waives his right to collaterally attack his sentence if the record demonstrates that he "fully understood the

3

potential consequences of his waiver." *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004) (internal quotation marks omitted).

Similarly, a waiver is not enforceable when the defendant's counsel rendered ineffective assistance in conjunction with the process by which the defendant agreed to plead guilty. *See Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195-96 (2d Cir. 2002). In order to show that his counsel was ineffective, Palmer must demonstrate that "(1) his attorney's performance 'fell below an objective standard of reasonableness'" under prevailing professional norms, and (2) "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)); *see also Oliver v. United States*, 07 Civ. 5921, 2008 WL 190487, at *3 (S.D.N.Y. Jan. 22, 2008). To meet *Strickland's* prejudice requirement in the context of plea negotiations, the movant must demonstrate a reasonable probability that, but for his counsel's errors, "he would not have pled guilty and would have proceeded to trial." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In particular, where the petitioner claims that counsel "misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea." *Id.*

### 2. *Application of the Legal Standard to Palmer's Motion*

As an initial matter, Palmer's argument that his collateral attack waiver is unenforceable is not itself barred by that waiver because Palmer "connects the alleged ineffectiveness of [his] attorney with the voluntary nature of his plea." *Parisi v. United States*, 529 F.3d 134, 139 (2d Cir. 2008); *see also Frederick*, 308 F.3d at 195-96. Nonetheless, Palmer's attempt to invalidate his waiver fails.

4

> *a. Palmer cannot show that his attorney failed to adequately explain the plea agreement or that he did not understand the consequences of admitting responsibility for five to fifteen kilograms of cocaine.*

Palmer urges that his plea and waiver were not knowing and voluntary because, as a result of ineffective assistance of counsel, "he did not know or understand [] that he could be sentenced for a crime in which he did not plead guilty." (Reply Mem., Dkt. No. 546, at 4.) Essentially, Palmer argues that although he voluntarily pleaded guilty to 21 U.S.C. § 841(b)(1)(B) (five hundred grams or more of cocaine), he was ultimately sentenced for a violation of the indictment's *original* charge of 21 U.S.C. § 841(b)(1)(A) as a result of the plea agreement's stipulation that he was responsible for between five and fifteen kilograms of cocaine. Palmer swears that "it was explained to me that my mandatory minimum was five years, for the crime that I committed, I was never told that five kilograms of cocaine or more was a separate charge with a ten (10) year mandatory minimum." (Aff. of Richard Palmer dated Nov. 11, 2014 ("Palmer Aff."), Ex. A to Mot. to Vacate, at ¶ 4.) He argues that his collateral attack waiver is unenforceable because he did not knowingly and voluntarily plead guilty to an offense with a ten-year mandatory minimum sentence.

Palmer's allegations have no basis in fact. Contrary to his assertions, Palmer was neither convicted of nor sentenced for a violation of 21 U.S.C. § 841(b)(1)(A). Palmer contends that because he received a sentence of 120 months' imprisonment, the Court must have imposed the ten-year mandatory minimum required by section 841(b)(1)(A). (*See* Reply Mem. 5.) But the sentencing transcript clearly shows that the Court understood that Palmer was subject to a 60-month mandatory minimum sentence. (*See* Sentencing Tr. 5.) After considering all the factors set forth in 18 U.S.C. § 3553(a), however, the Court concluded that notwithstanding the 60-month mandatory minimum, a sentence of ten years' imprisonment was warranted. (Sentencing Tr. 5, 19-20.) Although Palmer received a sentence

of ten years and section 841(b)(1)(A)'s mandatory minimum is also ten years, the two are simply unrelated.

Palmer's motion could be read to assert an argument that his attorney did not adequately explain the effect of his acceptance of responsibility for five to fifteen kilograms of cocaine and, as a result, his plea was not knowing and voluntary. To the extent such an argument exists, it is not supported by the evidence in the record. Palmer signed the plea agreement, in which he unambiguously admits that he "conspired to distribute and possess with intent to distribute at least 5 kilograms but less than 15 kilograms of cocaine," resulting in a stipulated base offense level of 32. (Plea Agreement 2.) At his plea allocution, Palmer stated under oath that he had read and understood the plea agreement and that he had discussed it with his attorney. (Plea Tr. 6, 13.) Tellingly, in his affidavit in support of this motion, Palmer never states that his attorney failed to explain how accepting responsibility for five to fifteen kilograms of cocaine would influence the applicable Guidelines range.[1] He therefore cannot show that his attorney's conduct fell below prevailing professional norms or that he was prejudiced as a result. In sum, the evidence before the Court simply does not call into question the fact that Palmer knowingly and voluntarily pleaded guilty to 21 U.S.C. § 841(b)(1)(A) and admitted responsibility for five to fifteen kilograms of cocaine.

---

[1] Palmer contends that the following statement, which he made during his plea allocution, shows that he did not understand the plea agreement: "I purchased cocaine and intended to sell it from 2009 to 2012. I'm not exactly sure of the amount. I know it was over 500 grams of cocaine." (Plea Tr. 16.) But this statement is entirely consistent with Palmer's admission in the plea agreement that he was responsible for between five and fifteen kilograms of cocaine. Moreover, Palmer affirmed under oath that he understood he was stipulating to the applicability of a Guidelines range of 135-168 months' imprisonment, which was based in large part on the quantity of cocaine. (Plea Tr. 13.) Palmer's reference to "over 500 grams of cocaine" therefore does not cast doubt on whether he knowingly and voluntarily accepted responsibility for five to fifteen kilograms of cocaine.

> b. *Palmer's attorney's alleged mistaken prediction of his sentence does not invalidate the collateral attack waiver.*

Palmer next contends that the collateral attack waiver is unenforceable because he entered into the plea agreement in reliance on his attorney's erroneous advice that he "would likely be sentenced to Sixty (60) months." (Palmer Aff. ¶ 3.) Even assuming the truth of these allegations, a "'mistaken prediction' of the sentence to be imposed generally does not rise to the level of ineffective assistance of counsel." *Marte v. United States*, Nos. 11 Civ. 3269, 02 Cr. 1490, 2012 WL 2953723, at *6 (S.D.N.Y. July 20, 2012) (*citing United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989) (per curiam)). Palmer therefore cannot satisfy the first prong of *Strickland*.

More importantly, Palmer has not shown a reasonable probability that he was prejudiced by his attorney's mistaken prediction because the record conclusively shows that Palmer had full knowledge of the range of sentencing possibilities when he entered his guilty plea. *See Arteca*, 411 F.3d at 320. Palmer's plea agreement explicitly set forth the mandatory minimum term of 60 months' and the maximum term of 40 years' imprisonment. (Plea Agreement 1.) The agreement also set forth a stipulated Guidelines range of 135 to 168 months' imprisonment, although it disclosed that this Court would not be bound by that stipulation. (*Id.* at 3-4.) Palmer signed the plea agreement, which declared on the signature page that "[n]o additional understandings, promises, or conditions have been entered into." (*Id.* at 6.)

Magistrate Judge Netburn further apprised Palmer of the range of possible sentencing outcomes at his plea allocution and Palmer confirmed that he understood the Magistrate Judge's warning that "by pleading guilty, you will be exposing yourself to the possibility of receiving any combination of punishments up to the maximum." (Plea Tr. 10-14.) Palmer answered "Yes" when she asked him, "In the agreement, it appears that you and the government have identified a stipulated guidelines range for Count One of between 135 months and 168 months of imprisonment; is that correct?" (*Id.* at 13.) Palmer further acknowledged that he understood that this Court

7

alone would determine his sentence and that he would be bound by his guilty plea even if he received a higher sentence than he expected. (*Id.* at 13-14.) Palmer also admits in this motion that he "was informed of his minimum and maximum sentence . . . prior to pleading guilty." (Mot. to Vacate 7; *see also* Palmer Aff. ¶ 4.)

These facts conclusively show that, regardless of any mistaken prediction by his counsel, Palmer was aware of the actual sentencing possibilities at the time he executed his plea agreement. *See United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) ("[T]he district court was entitled to rely upon the defendant's sworn statements, made in open court . . . that he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw the plea, understood that he was waiving his right to appeal a sentence below 120 months, and had been made no promises except those contained in the plea agreement.").

Moreover, even assuming that Palmer's counsel's alleged underestimation of his sentence did in fact preclude his awareness of the actual sentencing possibilities, Palmer cannot demonstrate a reasonable likelihood that a more accurate prediction would have changed his decision to plead guilty. Palmer never states that he would have proceeded to trial had he known he would not be sentenced to 60 months' imprisonment. *See Arteca*, 411 F.3d at 320. Consequently, because Palmer cannot show that he was prejudiced by his counsel's alleged advice regarding his likely sentence, his attempt to invalidate his collateral attack waiver on this ground fails.

     *c. Palmer's attorney was not ineffective for advising him to accept the plea agreement.*

Under the Court's liberal construction of his motion, Palmer also attacks the knowing and voluntary nature of his plea and collateral attack waiver on the basis that his attorney was ineffective for advising him to accept a plea bargain from which he derived no benefit. (*See* Reply Mem. 4.) This argument builds off Palmer's assertion that his sentence corresponds to a violation of 21 U.S.C. § 841(b)(1)(A), the original charge in the indictment,

rather than the offense to which he pleaded guilty. Palmer's claim is meritless because he did in fact receive significant benefits from his plea agreement.

The U.S. Court of Appeals for the Second Circuit has found that a defendant benefits from a plea agreement where the agreement notifies him of the sentencing range sought by the government, prevents exposure to additional counts, reduces or eliminates a mandatory minimum sentence, or secures the government's assent to a Guidelines reduction for acceptance of responsibility. *See United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005); *United States v. Rosa*, 123 F.3d 94, 101 (2d Cir. 1997). Here, the plea agreement enabled Palmer to gain the benefit of a five-year rather than a ten-year mandatory minimum sentence, learn the Guidelines range that the government believed was applicable, receive a three-point offense level reduction for accepting responsibility, and escape exposure to additional counts. (*See* Plea Agreement 1-2.) Perhaps most significantly, the government also agreed to dismiss the firearm, crack cocaine, and marijuana charges it had brought against Palmer in the indictment. (*See id.* at 1.) Notably, the firearm charge alone involved a five-year mandatory minimum sentence. (18 U.S.C. § 924(c)(1)(A)(i).) Because Palmer clearly benefited from the plea agreement, he cannot show that his attorney's representation fell below an objectively reasonable standard when she advised him to accept it. And because Palmer has not demonstrated a reasonable possibility that he would have insisted on proceeding to trial absent his attorney's advice—as discussed above—he cannot meet the second prong of *Strickland*.

>       d.    *The collateral attack waiver bars Palmer's challenge to his sentence.*

With respect to the enforceability of his collateral attack waiver, the Court finds that Palmer has not set forth any facts that, if proved at a hearing, would entitle him to relief from that waiver; therefore, an evidentiary hearing is not warranted. *See Gonzalez*, 722 F.3d at 130-31. The

Court holds that Palmer's motion and the record before the Court conclusively show that the waiver is valid and enforceable.

As a result, Palmer's section 2255 challenge to his sentence is barred. Palmer asks the Court to vacate his sentence on the grounds that his counsel was ineffective for failing to object to this Court's determination of his criminal history category, offense level, and applicable Sentencing Guidelines. Palmer's collateral attack waiver precludes these claims as a matter of law because they relate to his sentence and not to the entry of his plea. *See Hernandez*, 242 F.3d at 114. In other words, because Palmer cannot show that his plea and waiver are invalid due to ineffective assistance of counsel, he cannot challenge his sentence of 120 months' imprisonment, which falls within the waiver's scope. *See id.; Gomez-Perez*, 215 F.3d at 319; *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (explaining that a collateral attack waiver prevents a movant from challenging the correctness of a sentence even when it is styled as an ineffective assistance of counsel claim). The Court therefore need not reach the merits of Palmer's claim that his attorney was ineffective at sentencing. *See Djelevic*, 161 F.3d at 107.

### B.  Even If They Were Not Barred, Palmer's Claims of Ineffective Assistance of Counsel at Sentencing Would Fail on the Merits

Even assuming *arguendo* that Palmer's collateral attack waiver does not preclude him from bringing this section 2255 motion, his claims would fail on the merits.

#### 1.  *Palmer's Attorney Was Not Ineffective for Failing to Object to This Court's Determination of His Criminal History Category.*

Palmer contends that his attorney was ineffective for failing to contest this Court's assessment of seven criminal history points and its consequent determination of a criminal history category of IV. Palmer maintains that he should have been assessed only six criminal history points, as set forth in his plea agreement, and that his criminal history category should then have been III, not IV. (Mot. to Vacate 5-6; *see* Plea Agreement 2-3.) Specifically,

Palmer contends that this Court mistakenly assessed him one criminal history point for a criminal possession of marijuana conviction that occurred on or about January 14, 1999, more than ten years prior to the commission of the subject offense. (Reply Mem. 7; *see* Plea Agreement 3.)

Palmer's allegations find no support in the record. Neither the presentence report nor the plea agreement assess any points for Palmer's 1999 marijuana conviction. (Plea Agreement 3; Presentence Investigation Report ¶ 67.) Rather, the Court's determination of a criminal history category of IV reflects a correction to the plea agreement's erroneous assessment of one instead of two points for Palmer's 2002 conviction for criminal use of drug paraphernalia. (*Compare* Plea Agreement 3, *with* Presentence Investigation Report ¶ 69.) Palmer does not allege that this correction was unwarranted. Because the Court correctly calculated Palmer's criminal history category, his attorney's failure to object was neither deficient nor prejudicial.

> 2. *Palmer's Attorney Was Not Ineffective for Not Contesting This Court's Determination of the Offense Level and Guidelines Range.*

Palmer also contends that his attorney was ineffective for not objecting to this Court's determination of the applicable offense level and resulting Guidelines range. (Mot. to Vacate 9, 11.) Palmer alleges that as a result of this ineffectiveness, the Court erroneously "sentenced [him] for a crime he was not convicted on" (*id.* at 12) by utilizing a base offense level of 32, as listed in the plea agreement and presentence report. (Plea Agreement 2; Presentence Investigation Report ¶ 52.) Palmer asserts that a base offense level of 32 corresponds to the crime of conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(A). Palmer maintains that his base offense level should instead have fallen somewhere between 26 and 30, which he contends applies to the crime of conspiring to distribute 500 grams or more of cocaine in violation of 21 U.S.C.

11

§ 841(b)(1)(B), the lesser-included offense to which he pleaded guilty. (Mot. to Vacate 8.)

Palmer's argument lacks merit. The crime to which Palmer pleaded guilty applies to the possession of "500 grams *or more*" of cocaine. 21 U.S.C. § 841(b)(1)(B) (emphasis added). As the Court has already found, Palmer knowingly and voluntarily accepted responsibility for "at least 5 kilograms but less than 15 kilograms of cocaine." (Plea Agreement 2.) Based on this drug quantity, both the plea agreement and the presentence report (and ultimately the Court) correctly utilized a base offense level of 32, as directed by the Sentencing Guidelines. (U.S. Sentencing Guidelines Manual §2D1.1(a), §2D1.1(c)(4) (2013).) Palmer's attorney therefore did not perform in an objectively unreasonable manner by not arguing at sentencing that Palmer was responsible for less than five kilograms of cocaine or that a different base offense level applied.

### III. CONCLUSION

For the reasons set forth above, Palmer's motion is denied. Because Palmer has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445–46 (1962).

Dated: New York, New York
July 21, 2015

SO ORDERED:

Sidney H. Stein, U.S.D.J.

12